May it please the Court, Your Honor. The question presented today is whether the VA's duty to assist claimants for dependency and indemnity compensation benefits requires the VA to obtain a medical opinion to help the claimant show permanent incapability of self-support by the age of 18 when a medical opinion is required evidence to make that show, and there's a reasonable possibility that a medical opinion would support the claim. We believe that the duty to assist requires the VA to provide a medical opinion in this case. 38 U.S.C. 5103A sets forth the duty to assist claimants for all VA benefits, including DIC claims. Let me just ask you before you get too deep in it. Isn't it true that the Court assumed that that regulation applies and then went ahead and made its determination? It didn't decide whether it applies to this case or not, did it? Well, what happened was the Court below decided the case under subsection D of the statute, which... Assuming it applied. Assuming it applies. As pointed out by the VA in its brief, subsection D is limited to the statute as the VA acknowledged that pertains to DIC benefit claims. And so... And you agree with that? We agree with that. It's A, not C. Absolutely. Section A-1 is the section, the general duty to assist section. Subsection D was specifically directed to disability claims. To establish a disability or DIC benefit claim, Ms. Leach must show that she was permanently incapable of self-support by the age of 18. So just so that I understand your argument in the right context, originally when I read your first brief, not the reply brief, it seemed to me that you were relying on subsection D. And then the reply brief said your client's reliance on that was misplaced, right? That's correct, Your Honor. So you changed... The argument now is the duty to assist that applies. And inherent in that duty to assist is the under A. That's correct, Your Honor. The entire statute, 5103A, is entitled duty to assist claimants. Under section D, it specifically talks about medical exams and disability claims. Ms. Leach's position is that under section A-1, for a DIC claim, where it's necessary to have medical opinion to substantiate the claim, that it's required that the VA obtain a medical opinion, the only exception is if there's no reasonable possibility that a medical opinion would substantiate the claim. And that's the position that the VA has taken in this case, that there's no reasonable possibility. And the only basis for that position is that there's no contemporaneous medical evidence in the record as of the time Ms. Leach was 18. There's evidence in the record when she was a toddler, she suffered sickle cell anemia. At the age of 15, she had episodes of sickle cell anemia. And then when she was 28 and This court has rejected the proposition that contemporaneous medical evidence is required to substantiate a medical diagnosis. In the Buchanan case, the court held that the board cannot determine that lay evidence lacks credibility merely because it's unaccompanied by contemporaneous medical evidence. Is it your view that subsection D does not apply because it relates to disability? And reasonable efforts require a medical examination here? That's correct, Your Honor. In this case, it's undisputed that a medical opinion is required to That sounds discretionary too, doesn't it? It doesn't expressly say, shall provide a medical examination. Well, it shall provide evidence that's necessary to substantiate the claim. And in this case, a medical opinion is necessary evidence to substantiate the claim. But the point, I think, of your adversary is that it may be, a medical opinion may be helpful in some cases to substantiate the claim, but not in this case because your client had not had any evidence of sickle cell anemia since age 16, for example, or a symptomology. And then the, obviously the application was made many years later. And with that gap in I mean, it would not be helpful to substantiate your claim. I understand that that's their position, but we disagree with that. A doctor could examine the medical evidence that is in the record, could examine misleach, could question misleach over the period of time that there's no medical evidence in the record. And we don't know why the record doesn't have any evidence, there's a gap in time. But going to the question that was just asked, isn't that a discretionary function to say on this record, a medical opinion would not assist in the determination of the claim? That thought process and that determination of whether or not to order a medical exam or opinion, isn't that discretionary? Well, at this stage of the case, there's not supposed to be evidence weighing going on. We're supposed to be building the record, completing the record, and the test is if there's no reasonable possibility that a doctor could render an opinion that would support a claim. When the VCAA was promulgated, one of the purposes was to eliminate the evidence weighing that previously went on where you had to have a well-rounded complaint before you could have a duty to assist, help you. So, in this case, the types of examples that are given in the legislative history for the VCAA for a no reasonable possibility are, for example, if the claimant was ineligible, for example, if her father wasn't a veteran or wasn't killed in the line of duty, if the claim was previously denied based on the same evidence. So that's the kind of objective test that should be applied to determine whether there's no reasonable possibility. We shouldn't be weighing the evidence here as to whether a doctor can look at this medical evidence. That's for a physician to determine whether he can look at the medical evidence from when she was a toddler up until the time when she was 28. There's a gap. He can examine the patient and ask her questions about the relevant time period. I'll reserve the rest of my time for questions. Thank you. Thank you. Mr. Carney. May it please the Court. As was pointed out in Ms. Leach's opening brief, the entire argument was based on the premise that the Secretary had an absolute obligation under 38 U.S.C. Section 5103A, subsection D, to provide a medical examination. And that was even though on its face that statute applies only to veterans' claims. As was pointed out in the reply brief, that argument has changed to 5103 subsection A as being where this requirement to obtain a medical examination comes from. The duty to assist section. That's right, Your Honor. Can I ask you this then? If there is a duty to assist the claimant in substantiating her claim, you acknowledge that that exists, true? That's right. And I think you also acknowledge that incumbent within that duty to assist is a requirement that if necessary, if necessary, get a medical opinion, if necessary to substantiate the claim, if a medical opinion is necessary to substantiate the claim, they ought to provide it. Do you agree with that, too? As a general proposition, yes, Your Honor. Aren't these the classic facts where a medical opinion would be necessary? Because without a doctor telling you whether they can connect this, how else could you do it? There is evidence of sickle cell anemia for a long time. There is a gap. Then there's evidence of subsequent symptomology. There is the testimony of the claimant herself. Without a doctor, how could a claimant ever, under this circumstance, substantiate her claim? Without a medical opinion, ever. Well, Your Honor, I think it's important to point out that this case, as opposed to the disability compensation case, the inquiry is what was her capacity for self-support at the age of 18? At the age of 18. And in looking at the regulations governing what constitutes capacity for self-support, and that's 38 C.F.R. 3.356, it talks about it being a factual determination based on competent evidence of record in the case. And the criteria that it lists and that it goes into go to the ability of the claimant to support themselves and to obtain employment, to be able to earn income, earn money. And it's a different question than, for instance, the Buchanan case, where you're looking at is this disability that the person is suffering now connected to some in-service event? Here, there is absolutely no question that Ms. Leach suffers from sickle cell anemia, and there's no dispute that the records show she was diagnosed with that at an early age. The question is, was she capable of self-support at the age of 18? And that's... What the effect of the disease would have been at age 18, so that it would enable her to support herself or not, right? Well, I think, Your Honor, it's a little bit different. I think it's actually the actual factual circumstances that existed when she was 18, and could she support herself at that There was evidence that she had worked for years following her 18th birthday, that she had gone to school for semesters and semesters, and while that was... She didn't hold the jobs very long, apparently. Some of the jobs were longer than the others, but the board made it a factual determination that the employment that she held was not sporadic, but was sustained enough that they, in their opinion, determined that she was capable of self-support at the age of 18. And they said, well, this isn't direct evidence of what was going on exactly when she was 18. It's certainly strong circumstantial evidence, the fact that she was able to work for these years and years after she turned 18, that at the age of 18, she was capable of self-support. And they decided under the particular facts of this case that obtaining a medical opinion would not be of any assistance because they felt they had enough evidence in the record to decide the claim, namely the lay evidence. But wasn't the medical opinion necessary from the claimant's prosecution of her claim necessary to substantiate her claim? And if so, wasn't there a duty to assist her to do that? And what other way can they assist her other than to get her a medical opinion in situations where you don't have contemporaneous records, which is the case here, right? Because if your argument, if you follow to the next point, then it would be that every time you don't have contemporaneous records, it would be very difficult to substantiate a claim without a medical opinion. So if they don't give them a medical opinion, they could never substantiate their claim. Well, Your Honor, I would respectfully disagree with that because there could be lay evidence that showed that she was incapable of self-support. There could be a complete lack of any employment. There could be declarations from a relative or a parent saying that I've had to support this person for years because they're incapable of self-support. And that could exist without the existence of medical records. It's just here, the court looked at, the board looked at this large gap in records from the time she was 15 until the time she was 28 and said that looked like, in connection with the fact that she was working and the fact that she was going to school, shows by clear concurrence of the evidence that she was capable of self-support. And we don't feel in this particular case going and getting a medical opinion would be helpful because there's really nothing for a doctor to look at here. There's no medical records that we need a doctor to look at and say what was her health status at 18. So they decided on the facts of this case we have enough proof in order to be able to determine that she was incapable of self-support at the age of 18. And as to the issue of consideration of lay evidence, I would point out that the Buchanan case, and also I would bring to the court's attention that there was a case decided last week that relied on a Buchanan-DeJandro case. That those cases are distinguishable in that the issue in those cases was what is the, should lay evidence be considered in making an ultimate determination of the claimant's claim. And the court, this court faulted the Veterans Court in those cases because lay evidence was not considered because there was a ruling that lay evidence by itself is not sufficient under those circumstances. Whereas here, there's no question that the lay evidence was considered in ultimately deciding Ms. Leach's claim. In fact, the Veterans Court found that the board adequately and accurately accounted for the evidence of record including the appellant's medical records, social security records, college transcripts, work history, doctor's statements, lay statements, and it weighed the evidence for and against entitlement to DIC benefits. So I think here, regardless of what treatment was given to the lay evidence in deciding whether or not to go out and obtain a medical opinion, on the ultimate disposition of the claim, the lay evidence was weighed. And so the difference between this case in Buchanan and the DeJandro case, and I bring this up because the Buchanan case is heavily relied on, is that in those cases, the claimant is asking the court and the board to consider lay evidence that hadn't been considered. Here, Ms. Leach isn't asking the board to consider lay evidence that hasn't been previously considered. She's asking the board to go out and get more medical evidence. And the board determined here that that was not necessary, and that's a discretionary determination. And unless there are any more questions, I'll just respectfully ask that the board affirm the Veterans Court decision. Thank you. Mr. Vance? Your Honor, it's not the time to weigh the evidence. It's the time to collect the evidence. And the evidence that's missing, as Judge Linares pointed out, is a medical opinion as to Ms. Leach's condition at 18. Although the VA considered the lay testimony, the proper person that needs to consider Ms. Leach's testimony is the physician. He needs to consider her testimony as to her condition during and around her 18th birthday, as well as the other medical evidence that's in the record, and there's quite a bit of it. There's evidence going back to when she was a toddler up until the present. There is a gap, but her lay testimony can fill in that gap. I'm trying to figure out why that matters. Listen very carefully and read what you have. The evidence they have, and we can't second-guess, is that she was employed. She was not disabled from before age 18 to the time she filed her application. What would a medical opinion add to this or subtract from it? What difference would it make? Ms. Leach was employed for a period of time, but her employment was fairly short-lived. We can't get into the facts of whether that was sustained or not. That's beyond our authority. That's what the board said. So now, given all of that, what difference would a retroactive medical opinion make? First of all, the work experience in and of itself is not enough to disqualify Ms. Leach from showing that she's permanently capable of self-support as of the age of 18. Intermittent periods of work following your 18th birthday, they don't disqualify you from showing that you're permanently disabled when you're 18. But there can be a basis upon which a discretionary decision to order or not order a medical exam can be based on, right? I don't believe that it's a basis for not awarding a medical examination because the test is whether there's a reasonable possibility that a medical examination, a medical opinion flowing from that examination, would help substantiate her claim. After we get the medical opinion, the VA would be within its discretion to weigh all of the evidence and determine whether or not she was permanently disabled at 18, but they have an obligation to assist her by getting a medical opinion because that's required evidence, and there's certainly a reasonable possibility that a physician would provide an opinion that would support a claim. Is the determination of where reasonably necessary discretionary determination? I think it's an objective test. Based on what's set forth in the legislative history, the types of things that show that there's not a reasonable possibility of assistance are things that are objective. I would suggest that it's a question of law. The types of things are the claimant is ineligible, the claimant's already brought the same claim on the same evidence, and they're just objectively baseless claims where assisting the claimant is just simply not going to help. In this case, if you're weighing evidence to determine whether or not there's a reasonable possibility, I think that, per se, there's a reasonable possibility. You can't be weighing evidence at this stage. It's the stage where we're supposed to be helping the claimant collect evidence. And in the Jandro case that counsel brought up, which was, I think it was decided one week ago today, the court specifically held that lay evidence can be competent and sufficient to establish a diagnosis of a condition when lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. And that's exactly the case we have here. Ms. Leach can provide testimony and provide answers to questions to the physician, and he could rely on that testimony in coming up with a medical opinion that supports her claim. I'll run through the rest of my time unless there's other questions. Thank you. The case is submitted. All rise. The court is adjourned.